IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| JACQUELINE DENOYER, | : | CIVIL ACTION |
| Plaintiff, | : | No.: |
| v. | : | Hon. |
| VOCES, INC., | : | |
| Defendant. | : | |

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, Jacqueline Denoyer ("Plaintiff" or "Denoyer"), by and through her undersigned attorneys, and for her Complaint against Defendant, Voces, Inc. ("Defendant" or "Voces"), states as follows:

**INTRODUCTION**

1. This action is brought by Plaintiff against Defendant to recover damages for Defendant's willful violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and its attendant rules and regulations.

2. Defendant willfully violated the FLSA by knowingly suffering or permitting Plaintiff to work in excess of 40 hours per week without paying her overtime compensation at a rate of one-and-one-half times the regular rate.

3. Defendant knew Plaintiff was not exempt under the FLSA and Defendant should have known it was required to pay her at a premium overtime pay rate of not less than one-and-one-half times the regular rate of pay for all hours worked in excess of forty (40) per week.

4. Plaintiff seeks a declaration that her rights were violated, and a judgment awarding

unpaid back wages, liquidated damages, and attorneys' fees and costs to make her whole, and to help ensure Defendant will not subject future workers to the same illegal conduct in the future.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims, pursuant to 28 U.S.C. § 1331, because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq*.

6. This Court has supplemental jurisdiction over Plaintiff's unjust enrichment claim pursuant to 28 U.S.C. §1367 because the claim originates from the same facts that form the basis of Plaintiff's federal claims.

7. This Court has jurisdiction over this FLSA action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

8. Defendant employed Plaintiff to engage in interstate commerce; therefore, she is covered by the FLSA on an individual basis. Defendant is also covered by the FLSA on an enterprise basis, either because it is a "named enterprise" or because its annual sales exceed $500,000 and Defendant employs more than two persons.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint substantially occurred in this District.

## PARTIES

10. Plaintiff, Jaqueline Denoyer, is a resident of Portage, Michigan, and worked for Defendant as a non-exempt employee from September 2016 to August 20, 2019.

11. Defendant, Voces, Inc. is a Michigan non-profit corporation with its registered

office address listed as 520 W. Michigan Ave, Battle Creek, Michigan 49037.

## GENERAL ALLEGATIONS

12. Voces is an organization that provides a range of educational services and programming for Hispanic and Latino communities, including those related to document translation, interpretation, literacy, family and youth support, and legal (e.g., immigration) support.

13. According to its website: "Voces began operations in May 2008 as a Community Project Fund of the Battle Creek Community Foundation with generous financial support from the W. K. Kellogg Foundation." https://www.vocesbc.org/community-connections.

14. According to its website, Voces maintains various departments including Community Empowerment, Youth Programs, Parent Programs, Language Access, ESL Classes, and Interpreter Training. *Id*.

15. On August 24, 2016, Voces provided Denoyer with an offer of employment in its Language Access Manager position.

16. The express terms of Voces's offer letter to Denoyer were as follows:

> **Start date:** Monday, September 26, 2016
>
> **Type:** Full-time; 40 hours/week
>
> **Schedule:** Monday-Friday, 9 to 5 pm
>
> **Rate of Pay:** $40,000 yearly salary, non-exempt ($28.85 for overtime pay)
>
> **Benefits:** Holiday pay; ability to earn up to 15 days Paid Time Off per year; monthly health/wellness stipend of $300 (pretax); yearly retirement savings bonus of $500 (pretax)

17. Denoyer accepted/signed Voces's offer letter on August 24, 2016 and began her employment with Voces as Language Access Manager in September 2016.

18. As the Language Access Manager, Denoyer's job duties included oversight of the

3

Language Access department, including but not limited to creation of action plans, assisting with staff management, marketing, invoicing, document translations, procurement and scheduling of interpreters, and staff education.

19. Throughout her employment with Voces, Denoyer was a non-exempt employee who regularly worked more than 40 hours per week.

20. E-mails, text messages, and other evidence will show that Denoyer communicated with management and co-workers about work-related matters well past her scheduled shift time and during the weekends, while she was off-the-clock. This work went unpaid.

21. Voces knew and observed that Denoyer regularly worked more than 40 hours per week. Nevertheless, Voces failed to pay Denoyer the required overtime premium of one and one-half times her regular rate of pay for her overtime hours.

22. Voces did not record Denoyer's hours worked throughout her employment. Thus, Voces failed to comply with the Fair Labor Standards Act's requirement that all employers record and maintain all employee payroll and time records for at least three (3) years (including all basic timecards and daily starting/stopping times of individual employees). See 29 U.S.C. § 211(c); 29 C.F.R. 516.1, *et seq*.

23. Over the course of her employment with Voces, Denoyer estimates that she worked an estimated *average* of forty-five (45) hours per week.

24. As a result, during the course of her employment with Voces, Denoyer estimates that she worked hundreds of overtime hours for which she was never properly compensated.

25. Denoyer has demanded payment from Voces for her unpaid overtime but her demand was ignored or refused, requiring her to file this lawsuit to seek relief from the Court.

## COUNT I

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.*, FAILURE TO PAY OVERTIME

26. Denoyer repeats and re-alleges the preceding paragraphs as if fully stated herein.

27. At all times relevant to this Complaint, Denoyer was an "employee" of Voces within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

28. Denoyer was either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

29. Denoyer was not exempt from the FLSA.

30. At all times relevant to this Complaint, Voces "suffered or permitted" Denoyer to work and thus "employed" her within the meaning of the FLSA, 29 U.S.C. § 203(g).

31. The FLSA requires an employer to pay employees the federally mandated overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of 40 hours per workweek. 29 U.S.C. § 207.

32. Denoyer regularly worked over 40 hours per week while employed by Voces.

33. Voces violated the FLSA by failing to pay Denoyer overtime compensation, at the rate of one and one-half times her regular hourly rate, for all hours worked in excess of 40 per workweek.

34. Voces's violations of the FLSA were willful, with knowledge or reckless disregard of the statutory overtime requirements.

35. As a result of the foregoing, Denoyer was injured and seeks appropriate relief against Voces including back pay, liquidated damages, reasonable attorneys' fees and costs, and all other relief just and appropriate in the circumstances.

## COUNT II

### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 211, *et seq*., FAILURE TO MAINTAIN REQUIRED RECORDS

36. Denoyer repeats and re-alleges the preceding paragraphs as if fully stated herein.

37. The FLSA requires all employers to keep all payroll records and time records for at least three (3) years (including all basic timecards and daily starting/stopping times of individual employees). See 29 U.S.C. § 211(c); 29 C.F.R. 516.1, *et seq*.

38. As Denoyer's employer, Voces was subject to the FLSA's recordkeeping requirements.

39. Voces's obligations were to maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee each workweek. 29 C.F.R § 516.2.

40. Upon information and belief, Voces maintained corporate policies and/or practices of evading pay for its non-exempt employees by failing to track, and maintain records of, their work time.

41. Voces failed to maintain and preserve accurate timesheets and payroll records in connection with Denoyer's employment as required by 29 C.F.R § 516.2.

42. When the employer fails to keep accurate records of the hours worked by its employees, the rule in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88, 66 S. Ct. 1187, 1192 (1946) is controlling. That rule states:

> [w]here the employer's records are inaccurate or inadequate . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the

court may then award damages to the employee, even though the result be only approximate.

43. The Supreme Court set forth this test to avoid placing a premium on an employer's failure to keep proper records in conformity with its statutory duty, thereby allowing the employer to reap the benefits of the employees' labors without proper compensation as required by the FLSA. Where damages are awarded pursuant to this test, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with . . . the Act." *Id.*

44. As a result of Voces's recordkeeping violations, Denoyer seeks a declaratory judgment and order that the *Anderson* burden-shifting framework applies in this case, along with all other relief just and appropriate in the circumstances.

## COUNT III

## UNJUST ENRICHMENT

45. Denoyer repeats and re-alleges the preceding paragraphs as if fully stated herein.

46. Voces promised Denoyer a pre-established rate of pay in consideration of the work duties Denoyer was hired to perform on behalf of Voces.

47. Denoyer relied upon Voces's promise for the pre-established rate of pay and performed by doing her job and carrying out the work she performed.

48. By not paying Denoyer the agreed upon rate of pay for the work she performed in connection with her overtime work, Voces was unjustly enriched.

49. Voces did not object to Denoyer's performance of her job duties with Voces.

50. Voces received and accepted the above-referenced work services from Denoyer and enjoyed the benefits derived therefrom.

51. Voces used the monies owed to Denoyer to finance its own business expenditures.

52. Voces has been unjustly enriched by the retention of monies received pursuant to the services Denoyer performed on behalf of Voces, without having compensated Denoyer for the same.

53. Denoyer suffered detriment as a result of Voces's failure to compensate her for the overtime work described herein, in that Denoyer was deprived of the ability to utilize that time, effort, and resources in a profitable manner.

54. As a direct and proximate result of Voces's actions, Denoyer suffered damages, including, but not limited to, loss of wages.

### RELIEF REQUESTED

WHEREFORE, Denoyer requests an order providing relief as follows:

a. Declaring Voces violated the FLSA and the Department of Labor's attendant regulations as cited herein, including the FLSA recordkeeping provisions;

b. Declaring Voces's violations of the FLSA were willful;

c. Declaring Voces was unjustly enriched and disgorging Voces from all profits related to its unjust enrichment;

d. Granting judgment in favor of Denoyer and against Voces and awarding Denoyer the full amount of damages and liquidated damages available by law;

e. Awarding reasonable attorneys' fees and costs incurred by Denoyer in filing this action as provided by statute; and

f. Awarding such other and further relief as this Court deems appropriate.

### JURY DEMAND

Plaintiff, Jaqueline Denoyer, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

Date:  November 27, 2019                               Respectfully Submitted,

*/s/ Jesse L. Young*
Jesse L. Young (P72614)
Thomas J. Cedoz (P82094)
**KREIS ENDERLE, P.C.**
8225 Moorsbridge, P.O. Box. 4010
Kalamazoo, Michigan 49003-4010
(269) 324-3000 (Tel.)
jyoung@kehb.com
tcedoz@kehb.com

*Attorneys for Plaintiff*