IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | : | |
|---|---|---|
| JACQUELINE DENOYER, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No.: 19-cv-01010 |
| v. | : | Hon. Paul. L. Maloney |
| | : | |
| VOCES, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## JOINT MOTION TO APPROVE
## FAIR LABOR STANDARDS ACT SETTLEMENT

Now come the Parties jointly, by and through their respective counsel, and move this Court for an order approving settlement in this matter. In support of their Motion, the parties state as follows:

1. On November 27, 2019, Plaintiff, Jacqueline Denoyer ("Plaintiff"), initiated this action against Defendant, Voces, Inc. ("Defendant"), alleging Defendant failed to pay Plaintiff overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). (ECF No. 1).

2. Plaintiff served the Summons and Complaint on Defendant on January 6, 2020. (ECF No. 5).

3. On or about January 22, 2020, Defendant's counsel, Kent Bieberich, Esq., contacted Plaintiff's counsel to advise that Defendant had retained his firm as its counsel. At that point, the Parties agreed to explore a possible early resolution of the case.

4. As part of their discussions, the Parties agreed to extend Defendant's time to file its responsive pleading in order to reduce potentially unnecessary time and expenses.

5. Since January 22, 2020, the Parties' counsel have been in regular contact and engaged in extensive discussions and informal discovery in order to determine the strengths and weaknesses of the Parties' respective claims and defenses. The Parties exchanged relevant payroll and timekeeping information and Plaintiff created a preliminary damage model for Defendant's review. The Parties used that information to negotiate the number of hours Plaintiff claims to have worked per week, the number of weeks where she had time off, and the amount of overtime due. The Parties' efforts to resolve the case have been diligent and done at arm's length.

6. On February 24, 2020, the Court entered an Order to Show Cause. (ECF No. 6).

7. On February 26, 2020, the Parties reached a settlement on Plaintiff's unpaid wages (i.e., damages). Plaintiff believes that the damages amount is a reasonable compromise of the disputed claims in this case. While Defendant has no knowledge or belief that Plaintiff or any employee is owed overtime, Defendant believes that the damages amount is a cost-effective means to resolve the disputed claims in this case.

8. On March 9, 2020, the parties filed a Joint Notice of Settlement, advising the Court that an agreement was reached on damages, but that the Parties were still negotiating the amount of Plaintiff's attorneys' fees and costs and that they would file a motion for settlement approval and/or a motion for attorneys' fees and costs by the end of March. (ECF No. 7).

9. On March 10, 2020, the Court entered an order directing the parties to file the appropriate settlement papers by March 31, 2020. (ECF No. 9).

10. On March 25, 2020, the parties reached an agreement as to attorneys' fees and costs.

11. The terms of the settlement are set forth in the proposed agreement ("Settlement Agreement"), a copy of which is attached hereto as **Exhibit 1**.

12. The Settlement Agreement contains a limited release of claims, an amount payable to Plaintiff for damages, and a separate amount of fees and costs payable by Defendant to Plaintiff's counsel. The attorneys' fees and costs payable to Plaintiff's counsel are set forth in paragraph 1 of the Settlement Agreement. Plaintiff believes that the fees and costs are reasonable and commensurate with the service rendered by Plaintiff's counsel in this case. See Declaration of attorney Jesse L. Young, attached hereto as **Exhibit 2**.

13. This Joint Motion is filed pursuant to the FLSA, 29 U.S.C. § 201, *et seq*. The Parties agree that the settlement is a fair and reasonable resolution of a bona fide dispute over issues arising under the FLSA. The Parties agree that the settlement sum represents the full amount of unpaid overtime wages owed to Plaintiff, in addition to liquidated and/or other damages.

14. Because the Parties believe that the settlement represents a fair resolution of this matter, the Parties jointly ask that the Court approve the settlement of this action and enter the proposed Order attached hereto as **Exhibit 3** approving the settlement in its entirety.

15. This Joint Motion is supported by the attached Brief in Support.

Dated:  March 31, 2020                                                          Respectfully submitted,

*/s/Jesse L. Young*                                                                        */s/Kent A. Bieberich*
Jesse L. Young (P72614)                                                         Kent A. Bieberich (P52978)
Kreis, Enderle, Hudgins & Borsos, P.C.                                Humbarger, Zebell & Bieberich, P.C.
8225 Moorsbridge, PO Box 4010                                         3 Heritage Oak Lane
Kalamazoo, Michigan 49003-4010                                       Battle Creek, Michigan 49015
(269) 321-2311                                                                          (269) 979-3990
jyoung@kreisenderle.com                                                     kbieberich@hzpelaw.net

*Counsel for Plaintiff*                                                              *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties of record.

By: /s/ Jesse L. Young
JESSE L. YOUNG (P72614)