## SETTLEMENT AGREEMENT AND LIMITED RELEASE

This Settlement Agreement and Limited Release ("Agreement") is entered into by and between Jacqueline Denoyer ("Denoyer") and Voces, Inc. ("Voces").

WHEREAS, Denoyer filed a lawsuit against Voces in the United States District Court for the Western District of Michigan, captioned *Denoyer v. Voces, Inc.*, bearing Case No. 19-cv-01010 ("the Lawsuit") asserting claims under the Fair Labor Standards Act related to her employment with Voces; and

WHEREAS, Voces has denied and continues to deny the allegations and claims asserted in the Lawsuit; and

WHEREAS, the parties, as a result of negotiations on their behalf by their respective counsel, have agreed to settle Denoyer's FLSA claims in order to avoid the expense, delay, and risk of litigation.

THEREFORE, in consideration of the mutual covenants contained herein, Denoyer and Voces hereby agree to the following terms:

1. **Effective Date.** This Agreement will become effective on the day the Court enters an order approving this Agreement.

2. **Settlement Payments.** Voces agrees to pay Denoyer and her attorney the total gross sum of Eleven Thousand Nine Hundred Ninety Nine and 50/100 Dollars ($11,999.51), ("Settlement Payments") payable as follows:

    a. The gross sum of Two Thousand Four Hundred Ninety Nine and 76/100 Dollars (**$2,499.76**)**,** less applicable federal and state taxes and other withholding required by law, made payable to Jacqueline Denoyer and allocated to alleged lost wages, payable on or before **June 1, 2020**. Voces will issue an IRS Form W-2 to Denoyer for such payment in the ordinary course of business;

    b. The gross sum of Two Thousand Four Hundred Ninety Nine and 75/100 Dollars (**$2,499.75**), made payable to Jacqueline Denoyer, allocated to alleged non-wage related (liquidated) damages, payable on or before **July 1, 2020**. Voces will issue an IRS Form 1099 to Denoyer for such payment in the ordinary course of business;

    c. The gross sum of Seven Thousand and 00/100 Dollars (**$7,000.00**), as attorney's fees and costs made payable to Kreis Enderle, P.C., payable on or before **August 1, 2020**. Voces will issue an IRS Form 1099 or other appropriate tax form for such payment in the ordinary course of business.

The Settlement Payments constitute full satisfaction of Voces's payment obligation to Denoyer in connection with this Agreement. Denoyer acknowledges and agrees that Voces had no legal obligation to make the above payments before entering into this Agreement and they are

made solely to resolve the Lawsuit and in consideration for Denoyer's release of her wage-and-hour claims and other promises in this Agreement.

Denoyer agrees that the above allocation of the Settlement Payments is in good faith and accurately reflects Denoyer's and her counsel's assessment of the proper allocation of potential damages. Denoyer agrees to hold Voces harmless from and against any liability, damages, losses, penalties, fees and/or expenses arising out of, related to, or connected with, any claim asserted by the Internal Revenue Service or any state, local or foreign taxing authority with respect to the above allocation of the Settlement Payments and her portion of any taxes owed with respect to any alleged misallocation.

**COVID-19 CAVEAT:** Denoyer acknowledges that, as a result of the COVID-19 crisis, many employers and insurers are experiencing unanticipated and unprecedented challenges.  Denoyer agrees that, if Voces is unable to pay the settlement amounts within the defined timeframe due to exigent circumstances caused by the COVID-19 crisis, the deadline to make such payments shall be extended for up to thirty additional days.  Voces will make a good faith effort to make all payments in compliance with the original deadline. Voces' counsel will notify Denoyer's counsel if circumstances prevent timely payment.

3. **Limited Release.**  Denoyer releases Voces and its related or affiliated entities, including but not limited to, its subsidiaries, its respective predecessors and successors in interest, and each past, present, or future owner, shareholder, director, officer, partner, employee, attorney, agent, insurer, beneficiaries, executor, administrator, personal representative, consultant, successor or assign of  each such person or entity described above (collectively, the "Released Parties"), from all wage-and-hour claims, whether such claim arises under common law or pursuant to federal or state statute, ordinance, or regulation, including all claims under the Fair Labor Standards Act, the Michigan Workforce Opportunity Wage Act, or any similar state wage-and-hour law that was brought or could have been brought in the Lawsuit for unpaid overtime. Further, Denoyer waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective, or multi-party action or proceeding involving any of the Release Parties.

4. **Dismissal of Lawsuit.**  Denoyer agrees that, upon her execution of this Agreement, her counsel will draft an acceptable motion seeking approval of this Agreement and dismissal of the Lawsuit with prejudice and without any fees or costs to either party except as otherwise set forth herein.  The motion shall be filed on or before **March 31, 2020**.

5. **Acknowledgements.**  Denoyer acknowledges that: (1) this Agreement was reached between the Parties after negotiations conducted over the course of several weeks, during which Denoyer was represented by counsel of her choosing and during which she consulted with her counsel; (2) she has read and understands the terms of this Agreement, is fully aware of its legal effect and has entered into it freely and voluntarily based on her own judgment and/or the advice of counsel; and (3) she believes this Agreement is fair and reasonable.

6. **Breach of Agreement.** Denoyer and Voces agree any disagreement and/or action to enforce this Agreement shall be commenced and maintained only in the Court in which the

Lawsuit is pending. In the event either party intends to file an action to enforce this Agreement, at least 10 days' written notice shall be provided to the other party's counsel. Denoyer and Voces agree that, in any proceeding to enforce any of the provisions of this Agreement, the court shall award costs, including reasonable attorney's fees, to the prevailing party.

7. **Choice of Law.** This Agreement shall be interpreted under the laws of the State of Michigan.

8. **Severability.** If one or more terms of this Agreement shall be held invalid, illegal or unenforceable, such term or terms shall be severed from the Agreement and shall not affect the validity, legality or enforceability of the Agreement overall or of any remaining terms.

9. **Merger.** The parties acknowledge that this Agreement constitutes a complete accord with respect to all claims, demands or causes of action that have been released by this Agreement and that the parties' sole remedy for breach of this Agreement is specific enforcement of its terms.

10. **No Oral Modification.** The parties agree that the terms of this Agreement cannot be changed, altered, modified, amended or added to except in a writing that specifically refers to this Agreement and which is signed by the parties. Any purported changes, alterations, modifications, amendments, or additions to this Agreement that do not precisely fulfill this requirement are not valid.

**THE PARTIES HAVE READ AND FULLY CONSIDERED THIS AGREEMENT AND MUTUALLY DESIRE TO ENTER INTO THIS AGREEMENT WITHOUT DURESS OR COERCION BY ANYONE.**

_____
Jacqueline Denoyer

DATED: 03-03-2020

Voces, Inc.

By: _____

Its: _____

3

Lawsuit is pending. In the event either party intends to file an action to enforce this Agreement, at least 10 days' written notice shall be provided to the other party's counsel. Denoyer and Voces agree that, in any proceeding to enforce any of the provisions of this Agreement, the court shall award costs, including reasonable attorney's fees, to the prevailing party.

7. **Choice of Law.** This Agreement shall be interpreted under the laws of the State of Michigan.

8. **Severability.** If one or more terms of this Agreement shall be held invalid, illegal or unenforceable, such term or terms shall be severed from the Agreement and shall not affect the validity, legality or enforceability of the Agreement overall or of any remaining terms.

9. **Merger.** The parties acknowledge that this Agreement constitutes a complete accord with respect to all claims, demands or causes of action that have been released by this Agreement and that the parties' sole remedy for breach of this Agreement is specific enforcement of its terms.

10. **No Oral Modification.** The parties agree that the terms of this Agreement cannot be changed, altered, modified, amended or added to except in a writing that specifically refers to this Agreement and which is signed by the parties. Any purported changes, alterations, modifications, amendments, or additions to this Agreement that do not precisely fulfill this requirement are not valid.

**THE PARTIES HAVE READ AND FULLY CONSIDERED THIS AGREEMENT AND MUTUALLY DESIRE TO ENTER INTO THIS AGREEMENT WITHOUT DURESS OR COERCION BY ANYONE.**

DATED: 3/30/20

Jacqueline Denoyer

Voces, Inc.

By: _[signature]_

Its: Executive Director